UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

GUY MARSH,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF
JUSTICE, ERIC WILSON, WARDEN FCI
PETERSBURG, VIRGINIA, and
RESIDENTIAL RE-ENTRY CENTER
BALTIMORE, MARYLAND,

    Defendants.

Civil Action No. TDC-14-3559

## MEMORANDUM OPINION

On November 13, 2014, Plaintiff Guy Marsh filed his Complaint against Defendants United States of America; United States Department of Justice; Eric Wilson, Warden FCI Petersburg, Virginia; and Residential Re-Entry Center Baltimore, Maryland (collectively, "Defendants"). Presently pending is Defendants' Response and Motion to Dismiss or in the Alternative for Summary Judgment ("Motion"), filed on April 17, 2015. Although Marsh had 14 days to submit a memorandum in opposition, *see* D. Md. Local R. 105.2(a), to date he has not done so. Accordingly, the Motion is fully briefed and ripe for disposition. No hearing is necessary to resolve the issues. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND

The following facts are presented as alleged in the Complaint. On October 27, 2003, Marsh pleaded guilty to sodomy in the Circuit Court for Carroll County, Maryland and was

sentenced for that crime. As part of his sentence, Marsh was required to register as a sex offender for ten years, until September 2014. After he was released from prison, but during the period when he was still required to register, Marsh was convicted in the United States District Court for the Northern District of West Virginia of failure to register as a sex offender, 18 U.S.C. § 2250 (2012), as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§ 16901–62 (2012). On May 9, 2011, Marsh was sentenced to 60 months of imprisonment on that charge. In September 2014, while serving that sentence, Marsh was notified that he had been accepted into a residential reentry center ("RRC") in Baltimore, Maryland. In October 2014, Marsh was asked whether he would participate in the sex offender treatment program at the RRC. Marsh initially refused, but once he was informed that voluntary participation in a sex offender treatment program was a requirement of the RRC, he agreed to participate.

On November 13, 2014, shortly after arriving at the RRC, Marsh filed his Complaint pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–59 (2012), and the Declaratory Judgment Act, 28 U.S.C. § 2201 (2012), in which he seeks a declaratory judgment that he is not a sex offender required to register, based on the argument that his crime of conviction, failure to register as a sex offender, 18 U.S.C. § 2250, is not a sex offense within the meaning of SORNA. Specifically, he seeks an injunction to prevent the Bureau of Prisons ("BOP") from issuing a notice to state and local law enforcement authorities, upon his release into the community, identifying Marsh as a sex offender.

The Complaint, referencing 28 U.S.C. § 2241, can also be construed as a Petition for a Writ of Habeas Corpus, in that it also appears to challenge Marsh's assignment to the sex offender treatment program and his underlying conviction for failure to register as a sex

offender, based on claims of ineffective assistance of counsel, the production of "false and erroneous evidence" to the grand jury, and an erroneous sentencing calculation. Compl. at 1, 5–16.

On February 15, 2013, over a year before he filed this Complaint, Marsh filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody in the United States District Court for the Northern District of West Virginia, in which he challenged his failure-to-register conviction on the basis of ineffective assistance of counsel and misclassification as a sex offender under SORNA. *See Marsh v. United States*, No. 3:10–CR–76, 2015 WL 5470236 (N.D.W.V. Sept. 17, 2015). That Motion, which asserted the same arguments referenced in the Complaint, was denied on September 17, 2015. *Id.*

Notably, in their Motion, Defendants report that Marsh was released from BOP custody on February 27, 2015. They cannot confirm, however, whether the notification was actually issued or the nature of its contents.

## DISCUSSION

### I. Legal Standards

Defendants have moved to dismiss or, in the alternative, for summary judgment. To the extent that Defendants seek dismissal of a petition for a writ of *habeas corpus* for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court will dismiss a complaint if it does not allege facts upon which subject matter jurisdiction can be based. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Because it is the plaintiff who chooses the forum, it is the plaintiff's burden to show that subject matter jurisdiction exists. *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988). When there is a facial challenge to subject matter jurisdiction, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in

effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Complaints filed by *pro se* plaintiffs are "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Defendants' Motion as it relates to the APA and Declaratory Judgment Act claims is either a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or a motion for summary judgment under Rule 56. On a Rule 12(b)(6) motion, the Court generally considers only the complaint, any attached documents "integral to the complaint," and any "matters of public record" of which the court may take judicial notice. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Here, beyond the Complaint and its attachments, the only documents before the Court are two exhibits offered by Defendants consisting of court records and a government website which are matters of "public record." *Id.* Accordingly, the Motion can be construed as a motion to dismiss under Rule 12(b)(6).

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

I.  **Sex Offender Status**

Marsh's primary claim is that he should not be classified as a sex offender, and thus required to register under SORNA, upon his release from BOP custody because (1) his requirement to register based on his underlying sex offense expired in 2014; and (2) his present conviction for failure to register under 18 U.S.C. § 2250 is not a sex offense within the meaning of SORNA. He therefore seeks an injunction against the BOP barring the issuance of a notice to state and local authorities that he is a sex offender. At least five days before the release of an offender who had been convicted of certain sexual offenses, the BOP is required to issue a notice regarding that offender to the chief law enforcement officer in the state and local jurisdiction where that released prisoner will reside. 18 U.S.C. § 4042(c) (2012); 28 C.F.R. § 571.71 (2015). The notice includes the released prisoner's name, projected address, criminal history, conditions of release, and the fact that the person must register under SORNA, if applicable. 18 U.S.C. § 4042(c)(1)–(2); 28 C.F.R. § 571.71.

Defendants seek dismissal of Marsh's claim as an improper Petition for a Writ of Habeas Corpus, 28 U.S.C. § 2241. A *habeas* petition, however, challenges the fact or length of an inmate's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Because Marsh's claim relates to the requirement to provide notification under SORNA after his release, rather than to the fact or duration of his confinement, it is not properly brought as a *habeas* petition. *Bunn v. Conley*, 309 F.3d 1002, 1008–09 (7th Cir. 2002) (holding that a challenge to a Bureau of Prisons determination to provide notification to state and local authorities under 18 U.S.C. § 4042 is not properly brought as a *habeas* petition because it does not affect the fact or duration of confinement); *Henrikson v. Guzik*, 249 F.3d 395, 397 n.4 (5th Cir. 2001); *see also Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998) (construing a *habeas* petition challenging designation of

5

an underlying conviction as a "crime of violence" requiring notification upon release as a declaratory judgment action). Thus, to the extent that Marsh's notification claim is brought as a *habeas* petition, the motion to dismiss is granted.

Marsh, however, has also brought his challenge to his sex offender status under the APA and the Declaratory Judgment Act. The Declaratory Judgment Act does not provide the Court with independent jurisdiction over a claim, but declaratory judgment claims relating to misclassification as a sex offender can be brought under the APA. *Bunn*, 309 F.3d at 1009; *Fox v. Lappin*, 441 F. Supp. 2d 203, 207 (D. Mass. 2005); *Simmons v. Nash*, 361 F. Supp. 2d 452, 455 (D.N.J. 2005). Under the APA, however, a challenge to agency action may only be brought against a final agency determination. 5 U.S.C. § 704 (2012). An agency "action" consists of a "determination of rights and obligations," such as by "rule, order, license, sanction, relief, or similar action." *Village of Bald Head Island v. U.S. Army Corps of Engineers*, 714 F.3d 186, 193 (4th Cir. 2013). An agency action is considered "final" when two conditions are met: (1) the action must mark the "consummation" of the agency's decisionmaking process and must not be of a "merely tentative or interlocutory nature"; and (2) the action must be one by which "rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177 (1997) (citations and quotation marks omitted).

The Complaint does not allege facts sufficient to establish that the BOP had made a final agency determination on whether it would provide notification under 18 U.S.C. § 4042 that Marsh is a sex offender under SORNA. First, it is unclear what action the BOP has taken, or whether it has taken any action, that marks the consummation of its decision-making process. *See Bennett*, 520 U.S. at 177. Marsh's assumption that the BOP has made a final determination centers on the alleged requirement that, in order to be transferred to the RRC, he had to sign BOP

6

Form A0750 to consent to the sex offender treatment program at the RRC. The Form, however, does not state whether BOP has classified Marsh as a sex offender for notification purposes. Because of Marsh's prior sex offense history, which included an undisputed sex offense from over 20 years ago and the 2003 sodomy conviction (which Marsh argues is not a sex offense under SORNA) underlying his failure to register conviction, it is not clear that a BOP recommendation that Marsh participate in a sex offender treatment program prior to release necessarily establishes that BOP had made a final decision on whether to provide sex offender notification upon his release based on his failure-to-register conviction. Indeed, in the Complaint, Marsh acknowledged uncertainty on whether BOP would go forward with such a notification.

Second, there are no clear rights, obligations, or legal consequences relating to the BOP's possible notification under SORNA that flow from Form A0750. The Form makes no reference to a BOP notification, and Marsh has not indicated what role, if any, the Form played in any BOP decision whether to issue such a notification. Indeed, it does not appear that any legal obligations flow from the Form, which states in an underlined sentence, "You do have a right to refuse this treatment now or at any time in the future." Form A0750 App'x B, ECF No. 1-2. Thus, the Complaint does not adequately allege a final agency determination. The Court will therefore grant the motion to dismiss for failure to state a claim.

Because Marsh's release since the filing of the Complaint necessarily would have resulted in more definitive facts on whether BOP has, in fact, provided notification regarding Marsh under SORNA, the Court will allow Marsh to seek leave to amend the complaint to allege only an APA claim, if such notification has occurred and there remains an ongoing injury. Marsh may file a motion for leave to amend the complaint, attaching his proposed amended

complaint, within 21 days of the Order on the Motion. Any such amended complaint should be brought against the Bureau of Prisons, rather than the government entities and officials named in the Complaint. *See Bunn*, 309 F.3d at 1009 (stating that the Bureau of Prisons is the appropriate defendant in an APA claim challenging notification under 18 U.S.C. § 4042). If Marsh fails to file such a motion within 21 days, the case will be dismissed.

## II.   Petition for a Writ of Habeas Corpus

To the extent that the Complaint can be construed as also seeking *habeas* relief arising from the alleged requirement that Marsh attend sex offender treatment while in custody, that claim is now moot because Marsh has been released from custody. Once a prisoner's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole—some collateral consequence of the conviction—must exist if the suit is to be maintained." *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted). Outside of his claim relating to sex offender notification, Marsh has not demonstrated any concrete injury that arguably continues since his release from prison and the RRC. Thus, to the extent Marsh seeks to challenge his placement in the sex offender treatment program through a *habeas* petition, that claim is denied as moot.

Finally, in the Complaint, Marsh also asserts that his underlying conviction for failure to register as a sex offender was invalid because he had ineffective assistance of counsel, the prosecution presented falsified information to the grand jury, and the sentencing court relied on false information. It is unclear whether these assertions are offered as background information or as additional claims. Any such claims are dismissed for two reasons. First, a challenge to his conviction must be brought in the District in which he was sentenced, in this case the Northern District of West Virginia. *See* 28 U.S.C. § 2255(a) ("A prisoner . . . claiming the right to be

released . . . may move *the court which imposed the sentence* to vacate, set aside or correct the sentence.") (emphasis added); *see also Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("A § 2255 motion must be filed in the district where the defendant was sentenced."). Second, because Marsh, in fact, brought an action in that District under 28 U.S.C. § 2255 asserting these same claims, and the Court denied the petition, *Marsh*, 2015 WL 5470236, at *10, this Court may not consider this second petition. 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief.").

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. Marsh is granted leave to file a Motion to Amend the Complaint within **21 days** of the Order on the Motion. Any such Motion must attach the proposed amended complaint, in accordance with Local Rule 103.6, which may include only an Administrative Procedure Act claim against the Bureau of Prisons regarding sex offender notification. Failure to file such a timely motion will result in dismissal of the case. A separate Order shall issue.

Date: January 20, 2015

THEODORE D. CHUANG
United States District Judge